JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
CHRISTIAN LUCIA

**DEFENDANTS**
TARGET CORPORATION

**(b)** County of Residence of First Listed Plaintiff: DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DELAWARE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq. #319145 The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., 42 U.S.C. § 1981

Brief description of cause:
Employment Discrimination matter

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 09/14/2026

SIGNATURE OF ATTORNEY OF RECORD: /S/ BRIAN C. FARRELL, ESQUIRE I.D. 319145

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1200 Baltimore Pike, Springfield, Pennsylvania 19064

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- XX 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

XX Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHRISTIAN LUCIA | : | CIVIL ACTION NO: |
| | : | |
| v. | : | |
| TARGET CORPORATION | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| 09/14/2026 | /s/ Brian C. Farrell, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTIAN LUCIA,** | Civil Action No.: |
| Plaintiff, | |
| v. | |
| **TARGET CORPORATION** | |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

Plaintiff Christian Lucia, through undersigned counsel, brings this action against Defendant Target Corporation and alleges as follows.

**INTRODUCTION**

1. Christian Lucia was a Store Director with six years of exceptional reviews and no discipline. On April 7, 2025, a team member called him and reported that a Black Store Director was cutting the hours of White employees. He reported the complaint to his District Senior Director and Human Resources the same afternoon. Target did not investigate the Store Director. Target investigated Lucia, and thirty-two days later, while he was on approved medical leave, Target fired him for gross misconduct. The misconduct was Lucia's report of race discrimination.

**PARTIES**

2. Plaintiff Christian Lucia ("Lucia") is an adult individual residing in Delaware County, Pennsylvania. Lucia is White.

3. Defendant Target Corporation ("Target") is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target operates

retail stores throughout this District, including the store at 1200 Baltimore Pike, Springfield, Pennsylvania 19064.

4. At all relevant times Target employed more than 500 employees and was an "employer" within the meaning of Title VII, the ADA, the FMLA, and the PHRA.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Lucia's federal claims under 28 U.S.C. §§1331 and 1343 and supplemental jurisdiction over his PHRA claims under 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. §1391(b) because Target does business in this District and the events giving rise to these claims occurred in this District.

7. On September 2, 2025, Lucia filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

8. The EEOC issued a Notice of Right to Sue on September 2, 2026. This Complaint is filed within ninety days of Lucia's receipt of that Notice.

9. More than one year has passed since the Charge was dual-filed with the PHRC. Lucia has exhausted his administrative remedies.

**FACTS**

***Lucia's Career at Target***

10. Lucia began working for Target in or about June 2018 as a Senior Team Leader in Human Resources at Target's Northern Liberties store in Philadelphia.

11. Target promoted Lucia repeatedly. He became an Executive Team Leader in 2019 and a Store Director in February 2022. He ran Target's Roosevelt Boulevard and Art Museum

stores in Philadelphia before becoming Store Director of the Springfield, Pennsylvania store in May 2024.

12. As a Store Director, Lucia was the highest-ranking employee at his store. He reported to District Senior Director Kimberly Austin ("Austin"). Austin is Black.

13. Lucia's performance reviews were uniformly positive. Target rated him as having "Delivered Exceptional Outcomes." Target praised him for building talent, developing leaders, running multiple stores at once, training other Store Directors, and turning "one of the most operationally challenged stores" into "a sales success story."

14. In 2024, Target's Senior Vice President recognized Lucia and his team for a shortage improvement of more than $1.5 million.

15. Target never issued Lucia any written discipline before May 9, 2025.

***Lucia Opposes Race Discrimination by a Black Store Director***

16. Erin Brown ("Brown") was the Store Director of Target's Bridesburg store in Philadelphia. Brown is Black. Brown also reported to Austin.

17. Brown struggled to run the Bridesburg store. Austin repeatedly had Lucia send team members and team leaders from Springfield to Bridesburg to stabilize it.

18. Before December 2024, Lucia used Target's Integrity Hotline to report conduct by Brown that he reasonably believed discriminated against White employees, including manipulating schedules to cut the hours of White employees and instructing team leaders to hire Black applicants over White applicants.

19. In December 2024, Lucia again raised Brown's treatment of White employees with Austin. Austin told Lucia to keep routing his complaints through official channels.

20. On April 7, 2025, Cinzia Lubrano ("Lubrano"), a team member at the Bridesburg store, called Lucia. Lubrano told Lucia that Brown was cutting the hours of White employees and favoring Black employees in hiring.

21. Lucia told Lubrano to report Brown to the Integrity Hotline.

22. Within hours of Lubrano's unsolicited call, Lucia reported Lubrano's complaint to Austin, to Brown, and to Human Resources Business Partner Erika Gladman ("Gladman"). Lucia reasonably and in good faith believed that the conduct Lubrano reported was unlawful race discrimination.

23. Brown texted Lucia that afternoon acknowledging the complaint.

***Target Fires the Messenger***

24. Austin did not investigate Brown. Austin instead investigated Lucia.

25. Austin referred Lucia to Target's Integrity Hotline for communicating with a team member "off the clock." But the communication was Lubrano's April 7, 2025 call reporting race discrimination.

26. Upon information and belief, Brown initiated the complaint against Lucia by accusing him of discussing Lubrano's complaint, and Austin relied on Brown's account.

27. Upon information and belief, Target never fully investigated Lubrano's complaint about Brown.

28. On May 2, 2025, Austin arrived at the Springfield store with an investigator. The investigator questioned Lucia about "promising promotions" and contacting employees after hours. Lucia told the investigator about Lubrano's race discrimination complaint against Brown.

29. After the interview, Austin privately told Lucia that he had "followed protocol."

30. Upon information and belief, the investigator did not interview Lubrano and did not review the content of the April 7, 2025 call before Target terminated Lucia.

31. Lucia suffers from Generalized Anxiety Disorder, a mental impairment that substantially limits major life activities including sleeping, concentrating, thinking, and the operation of his brain.

32. Lucia became visibly distressed during and after the May 2, 2025 interview. That same day he requested a medical leave of absence through Target's Leave and Disability team. Target approved leave under the FMLA from May 2, 2025 through July 27, 2025 and short-term disability benefits thereafter. Target informed Lucia that his job-protected leave would end on August 25, 2025.

33. Target knew of Lucia's disability through his May 2, 2025 leave request and the medical information he provided to Target's Leave and Disability team.

34. On May 9, 2025, seven days after Lucia requested medical leave and thirty-two days after he escalated Lubrano's race discrimination complaint, Gladman sent Lucia a letter terminating his employment. The letter stated that he had "engaged in gross misconduct" and that "once you have ended or exhausted any job-protected leave, your employment will be terminated."

35. Target terminated Lucia's employment on May 9, 2025. Target made the termination effective August 25, 2025, the date Lucia's job-protected leave ended.

36. The letter did not identify any communication, any specific team member, or any one policy provision Lucia violated.

37. Target demanded that Lucia return his keys, laptop, and equipment immediately, while he was on approved medical leave.

38. Lucia's termination took effect on August 25, 2025. Target did not restore Lucia to his position or an equivalent position at the end of his leave.

39. Target's stated reason for terminating Lucia is pretext. Target did not discipline Brown, a Black Store Director, for the conduct Lucia and Lubrano reported. Target did not discipline Brown for communicating with Lucia about Lubrano while Lubrano was off the clock. Target terminated the White Store Director who reported her.

40. Upon information and belief, Target did not terminate other Store Directors and leaders outside Lucia's protected class who communicated with team members about work-related matters while those team members were off the clock.

41. The timing, the sequence, the absence of any prior discipline, Lucia's exemplary record, and the absence of any legitimate basis for the termination demonstrate that Target terminated Lucia because he is White, because he opposed race discrimination against White employees, because he participated in an investigation of race discrimination, because of his disability, and because he requested and took medical leave.

42. Target acted with malice and reckless indifference to Lucia's federally protected rights.

43. As a direct result of Target's conduct, Lucia has suffered lost wages and benefits, lost career advancement, reputational harm, humiliation, emotional distress, and aggravation of his anxiety disorder. His wife, who was pregnant, went into pre-term labor within two days of receiving the May 9, 2025 letter.

**COUNT I**
**42 U.S.C. § 1981**
**Plaintiff v. Defendant**

44. The foregoing paragraphs are incorporated by reference.

45. Target intentionally discriminated against Lucia on the basis of his race by terminating his employment, in violation of 42 U.S.C. § 1981.

46. Target retaliated against Lucia for opposing race discrimination and/or participating in an investigation of race discrimination by terminating his employment, in violation of 42 U.S.C. § 1981.

47. Target's conduct was willful, malicious, and in reckless disregard of Lucia's rights.

48. As a result, Lucia has suffered the damages described above.

**COUNT II**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**
**Plaintiff v. Defendant**

49. The foregoing paragraphs are incorporated by reference.

50. Target discriminated against Lucia because of his race by terminating his employment, in violation of Title VII. Lucia's race was a motivating and/or determinative factor in Target's decision.

51. Target retaliated against Lucia because he opposed practices made unlawful by Title VII and/or because he participated in an investigation of race discrimination, in violation of Title VII.

52. Target's conduct was willful, malicious, and in reckless disregard of Lucia's rights.

53. As a result, Lucia has suffered the damages described above.

**<u>COUNT III</u>**
**Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.**
**Plaintiff v. Defendant**

54. The foregoing paragraphs are incorporated by reference.

55. Lucia is a qualified individual with a disability. He has an actual disability, a record of a disability, and Target regarded him as disabled.

56. Target discriminated against Lucia because of his disability by terminating his employment, in violation of the ADA.

57. Target failed to reasonably accommodate Lucia's disability by terminating his employment in response to his request for medical leave rather than engaging in the interactive process, in violation of the ADA.

58. Target retaliated against Lucia for requesting a reasonable accommodation by terminating his employment, in violation of the ADA.

59. Target's conduct was willful, malicious, and in reckless disregard of Lucia's rights.

60. As a result, Lucia has suffered the damages described above.

**<u>COUNT IV</u>**
**Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.**
**Plaintiff v. Defendant**

61. The foregoing paragraphs are incorporated by reference.

62. Lucia was an eligible employee under the FMLA. He had worked for Target for more than twelve months and more than 1,250 hours in the twelve months before his leave, and Target employed fifty or more employees within seventy-five miles of his worksite.

63. Lucia was entitled to FMLA leave for his own serious health condition. He gave Target notice of his need for leave on May 2, 2025, and Target approved it.

64. Target interfered with Lucia's FMLA rights by deciding to terminate him within days of his leave request, by notifying him during his leave that he would be terminated, by demanding the return of his equipment during his leave, and by refusing to restore him to his position or an equivalent position at the end of his leave, in violation of the FMLA.

65. Target retaliated against Lucia for requesting and taking FMLA leave by terminating his employment, in violation of the FMLA.

66. Target did not act in good faith and had no reasonable grounds for believing its conduct was lawful. Lucia is entitled to liquidated damages under the FMLA.

67. As a result, Lucia has suffered the damages described above.

**COUNT V**
**Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.**
**Plaintiff v. Defendant**

68. The foregoing paragraphs are incorporated by reference.

69. Target discriminated against Lucia because of his race by terminating his employment, in violation of the PHRA.

70. Target discriminated against Lucia because of his disability, failed to reasonably accommodate his disability, and terminated his employment because of his disability, in violation of the PHRA.

71. Target retaliated against Lucia because he opposed practices forbidden by the PHRA, participated in an investigation of race discrimination, and requested a reasonable accommodation, in violation of the PHRA.

72. As a result, Lucia has suffered the damages described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christian Lucia demands judgment in his favor and against Defendant Target Corporation, and requests that the Court:

- Declare that Target violated 42 U.S.C. § 1981, Title VII, the ADA, the FMLA, and the PHRA;
- Award back pay, lost benefits, and prejudgment interest;
- Order reinstatement or, in the alternative, award front pay;
- Award compensatory damages for emotional distress, humiliation, reputational harm, and other non-economic losses;
- Award punitive damages under 42 U.S.C. § 1981, Title VII, and the ADA;
- Award liquidated damages under the FMLA;
- Award reasonable attorneys' fees and costs;
- Award any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

By: /s/ Brian C. Farrell
The Gold Law Firm, P.C.
Brian C. Farrell, Esquire
Pa. Id. No. 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
*Attorney for Plaintiff Christian Lucia*

Date: September 14, 2026