**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIAN LUCIA,<br>Plaintiff,<br>v.<br>TARGET CORPORATION,<br>Defendant. | Civil Action No. 2:26-cv-07054 |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Target Corporation ("Target"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint of Plaintiff Christian Lucia ("Plaintiff" or "Mr. Lucia"), as follows:

1. Admitted in part; denied in part. Target admits only that Mr. Lucia is a former Store Director, and his employment terminated for misconduct. Target denies the remaining allegations and specifically denies that it engaged in any conduct in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Pennsylvania Human Relations Act ("PHRA") or any other statute or law and that Mr. Lucia is entitled to damages of any kind.

2. Admitted in part; denied in part. Target admits only that Mr. Lucia is the Plaintiff in this matter, is an adult individual, and is White. Target lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and therefore, they are deemed denied.

3. Admitted in part; denied in part. Target admits that it is a Minnesota corporation headquartered in Minnesota and has a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target further admits it operates a retail store at 1200 Baltimore Pike, Springfield, Pennsylvania 19604. The remaining allegations in this Paragraph are denied.

4. Target admits that it employed more than 500 employees during Plaintiff's employment. The remaining allegations in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the remaining allegations in this Paragraph are denied.

## JURISDICTION AND VENUE

5. The allegations in this Paragraph contain conclusions of law to which no response is required. To the extent a response is required, Target does not dispute that this Court has jurisdiction over this matter, but denies engaging in any conduct in violation of Section 1981, Title VII, ADA, PHRA, or FMLA or any other statute or law.

6. The allegations in this Paragraph contain conclusions of law to which no response is required. To the extent a response is required, Target does not dispute that venue is proper in this Court, but denies engaging in any unlawful conduct in violation of Section 1981, Title VII, ADA, PHRA, or FMLA or any other statute or law.

7. Target lacks information and knowledge sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore, the allegations in this Paragraph are deemed denied.

8. Admitted in part; denied in part. Target admits that the Notice of Right to Sue was dated September 2, 2026. Target also admits that Plaintiff filed this Complaint within 90 days of September 2, 2026. The remaining allegations in this Paragraph are denied.

9. Admitted in part; denied in part. Target admits only that it has been more than one year since Plaintiff dual-filed his Charge. The remaining allegations in this Paragraph contain conclusions of law to which no response is required. To the extent a response is required, Target denies the remaining allegations in this Paragraph.

10. Admitted in part; denied in part. Target admits that Plaintiff began working for Target in June 2018 at Target's Northern Liberties store. The remaining allegations in this Paragraph are denied.

11. Admitted in part; denied in part. It is admitted that Plaintiff was an Executive Team Leader in 2019 and a Store Director in February 2022. It is further admitted that Plaintiff worked at Target's Roosevelt Boulevard and Art Museum stores in Philadelphia and became Store Director of the Springfield, Pennsylvania store in May 2024. The remaining allegations in this Paragraph are denied.

12. Admitted in part; denied in part. It is admitted only that Plaintiff reported to District Senior Director Kimberly Austin ("Austin") when he was the Store Director of the Springfield, Pennsylvania store, and for a time while he was Store Director at the Art Museum store, and Austin is Black. The remaining allegations in this Paragraph are denied.

13. Admitted in part; denied in part. It is admitted that, in 2018, Plaintiff received a performance rating of "Delivered Exceptional Outcomes." Defendant states that Plaintiff's performance reviews speak for themselves. It is also admitted that Plaintiff's 2024 performance review stated among other things he "took on one of the most operationally challenged stores and turned it into a sales success story." The remaining allegations in this Paragraph are denied.

14. Denied.

15. Denied.

16. Admitted in part; denied in part. It is admitted only that Ms. Brown was the Store Director of Target's Bridesburg, Pennsylvania store from July 2024 until November 2025, and that Brown reported to Austin during this period, and that Brown is Black. The remaining allegations in this Paragraph, if any, are denied.

17. Denied.

18. Denied.

19. Denied.

20. Target lacks information and knowledge sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore, the allegations in this Paragraph are deemed denied.

21. Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore, the allegations in this Paragraph are deemed denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted in part; denied in part. It is admitted only that Austin submitted an investigation request to Target's Ethics Hotline regarding Plaintiff's off-the-clock communications with team members. The remaining allegations in this Paragraph are denied.

26. Denied.

27. Denied.

28. Admitted in part; denied in part. It is admitted only that on May 2, 2025, a Target investigator spoke with Plaintiff regarding communicating with team members off-the-clock. The remaining allegations in this Paragraph are denied.

29. Denied.

30. Denied.

31. Target lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore, the allegations in this Paragraph are deemed denied.

32. Admitted in part; denied in part. It is admitted that Plaintiff requested a leave of absence on May 2, 2025 through Target's leave and disability team and that Plaintiff's leave was approved under the FMLA from May 3, 2025 through July 27, 2025 with short-term disability benefits through August 24, 2025. The remaining allegations in this Paragraph are denied.

33. Admitted in part; denied in part. It is admitted only that Plaintiff submitted a leave request on May 2, 2025 and Plaintiff provided Target's leave and disability team medical paperwork. The remaining allegations in this Paragraph are denied.

34. Admitted in part; denied in part. It is admitted only that on May 9, 2025 Erika Gladman sent a letter to Plaintiff. The letter is a document that speaks for itself and all characterizations thereof are denied. The remaining allegations in this Paragraph are denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted in part; denied in part. It is admitted only that Target terminated Plaintiff's employment on August 25, 2025. The remaining allegations in this Paragraph are denied.

39. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981, Title VII, FMLA, ADA, PHRA, or any other statute or law.

40. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981, Title VII, FMLA, ADA, PHRA, or any other statute or law.

41. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981, Title VII, FMLA, ADA, PHRA, or any other statute or law.

42. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981, Title VII, FMLA, ADA, PHRA, or any other statute or law.

43. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981, Title VII, FMLA, ADA, PHRA, or any other statute or law and that Plaintiff is entitled to damages of any kind.

**COUNT I**

44. The foregoing Paragraphs are incorporated by reference as if fully set forth herein.

45. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981 or any other statute or law.

46. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981 or any other statute or law.

47. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981 or any other statute or law.

48. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Section 1981 or any other statute or law and that Plaintiff is entitled to damages of any kind.

**COUNT II**

49. The foregoing Paragraphs are incorporated by reference as if fully set forth herein.

50. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Title VII or any other statute or law.

51. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Title VII or any other statute or law.

52. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Title VII or any other statute or law.

53. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of Title VII or any other statute or law and that Plaintiff is entitled to damages of any kind.

**COUNT III**

54. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

55. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law.

56. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law.

57. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law.

58. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law.

59. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law.

60. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the ADA or any other statute or law and that Plaintiff is entitled to damages of any kind.

**COUNT IV**

61. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

62. Admitted in part; denied in part. It is admitted only that, during Plaintiff's employment with Target, Target employed fifty or more employees within seventy-five miles of Plaintiff's worksite. The remaining allegations in this Paragraph are denied.

63. Admitted in part; denied in part. It is admitted only that Plaintiff requested a leave of absence on May 2, 2025 and his request was approved. The remaining allegations in this Paragraph are denied.

64. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the FMLA or any other statute or law.

65. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the FMLA or any other statute or law.

66. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the FMLA or any other statute or law and that Plaintiff is entitled to damages of any kind.

67. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the FMLA or any other statute or law and that Plaintiff is entitled to damages of any kind.

## COUNT V

68. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

69. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the PHRA or any other statute or law.

70. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the PHRA or any other statute or law.

71. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the PHRA or any other statute or law.

72. Denied. By way of further answer, Target specifically denies engaging in any conduct in violation of the PHRA or any other statute or law and that Plaintiff is entitled to damages of any kind.

WHEREFORE, Target respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE DEFENSES

Target asserts the following affirmative defenses, without assuming any burden of proof it does not have as a matter of law:

1. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint seeks relief for any alleged discriminatory, retaliatory and/or unlawful conduct occurring outside the applicable statutes of limitations and/or for which Plaintiff failed to exhaust his administrative remedies.

2. Target maintains and enforces policies that prohibit unlawful discrimination and retaliation, and provides a mechanism by which employees may seek redress where unlawful workplace discrimination or retaliation is alleged. Plaintiff unreasonably failed to avail himself of the preventative and corrective opportunities provided or to avoid harm otherwise.

3. Plaintiff failed to mitigate his damages, if any, and Target is entitled to an offset for any mitigation.

Respectfully submitted,

Dated: November 16, 2026

*/s/ Rachel Fendell Satinsky*

Rachel Fendell Satinsky, Bar No. 308751
rsatinsky@littler.com
Caitlin O'Hare, Bar No. 338052
cohare@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131

Attorneys for Defendant
TARGET CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2026, the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Brian C. Farrell
bfarrell@discrimlaw.net
The Gold Law Firm, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel.: (215) 569-1999

*Attorney for Plaintiff*

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky